Alexandria Division

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

RICKEY LEE ROBINSON JR.

4125 Meadowland Court

Chantilly, VA 20151

Plaintiff,

v. Civil Action No. 1:25cv 1195 - MSN - WBP

CREDIT ACCEPTANCE CORPORATION

25505 W. Twelve Mile Road

Southfield, MI 48034

and

ARYA AUTO LLC (now inactive)

2600 Wilson Blvd

Arlington, VA 22201

Registered Agent:

Fauquier County Registered Agent Services

74 Broadview Ave

Warrenton, VA 20186

Defendants.

COMPLAINT FOR DAMAGES UNDER THE FAIR CREDIT REPORTING ACT, FTC HOLDER RULE, CONSUMER FINANCIAL PROTECTION ACT, VIRGINIA CONSUMER PROTECTION ACT, AND OTHER FEDERAL AND STATE LAW

I. INTRODUCTION

This is an action for damages brought by Plaintiff Rickey Lee Robinson Jr. against Defendants Credit Acceptance Corporation and Arya Auto LLC for multiple violations of the Fair Credit Reporting Act ("FCRA"),

15 U.S.C. § 1681 et seq.; the Federal Trade Commission Holder Rule, 16 C.F.R. § 433.2; the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. § 5531 et seq.; the Virginia Consumer Protection Act ("VCPA"), Va. Code § 59.1-200 et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; and other related statutory and common law claims, arising from a fraudulent vehicle transaction and Credit Acceptance's unlawful reporting and enforcement of the associated debt.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. § 1681p (FCRA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1367 (supplemental jurisdiction for state law claims).

Venue is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred here.

## III. PARTIES

Plaintiff Rickey Lee Robinson Jr. is a natural person residing in Chantilly, Virginia.

Defendant Credit Acceptance Corporation ("Credit Acceptance") is a Michigan corporation engaged in auto financing and furnishing consumer information to credit bureaus.

Defendant Arya Auto LLC (now inactive) was a used car dealership located at 2600 Wilson Blvd, Arlington, Virginia 22201. Its registered agent is Fauquier County Registered Agent Services, 74 Broadview Ave, Warrenton, VA 20186.

## IV. FACTUAL ALLEGATIONS

In July 2020, Plaintiff purchased a 2020 Chevrolet Impala from Arya Auto LLC. Arya Auto advertised the sale price as $6,499 and represented that amount to Plaintiff during negotiations and orally at the time of sale. Arya Auto pressured Plaintiff to sign the contract quickly, misleading Plaintiff about the numbers on the paperwork and falsely suggesting they reflected agreed terms. Unbeknownst to Plaintiff at the time, the retail installment contract reflected a financed amount close to $11,000.

In January 2021, Plaintiff contacted Credit Acceptance to request a payoff quote and discovered a significantly inflated loan balance. This prompted Plaintiff to obtain and review the signed contract. He then acquired a recorded phone call from the dealership in which Arya Auto admitted they only received $5,000

from Credit Acceptance. The discrepancy confirmed that the contract amount had been falsely inflated and misrepresented to Plaintiff.

Plaintiff promptly filed a formal dispute with Credit Acceptance and submitted the evidence (including the recorded conversation) to the Consumer Financial Protection Bureau (CFPB) and the Virginia Attorney General. Despite having direct knowledge and evidence of the fraud, Credit Acceptance chose to enforce the fraudulent contract, failed to correct the account, and instead verified the information as accurate with Experian.

Although the account has since been closed, Defendant continues to report it as a repossession, including within the past month. Plaintiff experienced homelessness after this transaction and was later admitted to a mental health inpatient facility, followed by substance abuse treatment. During these periods, Plaintiff had no access to a phone or email and was unable to further manage the dispute.

Plaintiff has suffered emotional distress, reputational harm, and loss of financial opportunities as a result of Defendants' conduct.

V. CLAIMS FOR RELIEF

COUNT I: FRAUDULENT MISREPRESENTATION (AGAINST ARYA AUTO LLC)

Plaintiff repeats and realleges all preceding paragraphs.

Arya Auto made false statements about the price and financing terms of the vehicle to induce Plaintiff to enter into the transaction.

Arya Auto knew or should have known these representations were false and intended for Plaintiff to rely on them.

Plaintiff did in fact rely on these statements to his detriment and was harmed, including financial injury and emotional distress.

COUNT II: VIOLATION OF FCRA § 1681s-2(b) (AGAINST CREDIT ACCEPTANCE)

Plaintiff repeats and realleges all preceding paragraphs.

After receiving Plaintiff's dispute, Credit Acceptance failed to conduct a reasonable investigation and continued reporting inaccurate information.

This violates the Fair Credit Reporting Act and entitles Plaintiff to actual and statutory damages under 15 U.S.C. §§ 1681n and 1681o.

COUNT III: VIOLATION OF FCRA § 1681e(b) (AGAINST CREDIT ACCEPTANCE)

Plaintiff repeats and realleges all preceding paragraphs.

Credit Acceptance failed to follow reasonable procedures to ensure maximum possible accuracy of the information furnished to Experian and other CRAs.

The continued reporting of a repossession and inflated loan balance constitutes materially inaccurate reporting.

COUNT IV: VIOLATION OF FTC HOLDER RULE (16 C.F.R. § 433.2)

Plaintiff repeats and realleges all preceding paragraphs.

As assignee of the retail installment contract, Credit Acceptance is subject to all defenses and claims Plaintiff could assert against Arya Auto.

COUNT V: VIOLATION OF THE CONSUMER FINANCIAL PROTECTION ACT (AGAINST CREDIT ACCEPTANCE)

Plaintiff repeats and realleges all preceding paragraphs.

Credit Acceptance's continued enforcement of a fraudulent contract and reporting of inaccurate data constitutes an unfair, deceptive, or abusive act or practice under 12 U.S.C. § 5531.

COUNT VI: VIOLATION OF VIRGINIA CONSUMER PROTECTION ACT (AGAINST ARYA AUTO)

Plaintiff repeats and realleges all preceding paragraphs.

Arya Auto's false advertising, oral misrepresentations, and concealment of the actual financed amount violates Va. Code § 59.1-200(A).

COUNT VII: VIOLATION OF TILA (AGAINST ARYA AUTO)

Plaintiff repeats and realleges all preceding paragraphs.

Arya Auto failed to disclose accurate financing terms, violating the Truth in Lending Act.

COUNT VIII: NEGLIGENT MISREPRESENTATION (AGAINST ARYA AUTO)

Plaintiff repeats and realleges all preceding paragraphs.

Arya Auto made negligent misrepresentations regarding the contract and financing terms.

COUNT IX: FAILURE TO INVESTIGATE/RESPOND TO DISPUTE (AGAINST CREDIT ACCEPTANCE)

Plaintiff repeats and realleges all preceding paragraphs.

Despite receiving evidence of fraud, Credit Acceptance failed to conduct a reasonable investigation, in violation of federal law.

COUNT X: FRAUDULENT INDUCEMENT (AGAINST ARYA AUTO)

Plaintiff repeats and realleges all preceding paragraphs.

Arya Auto knowingly misrepresented and withheld material information to induce Plaintiff into signing a contract with false terms.

COUNT XI: FRAUDULENT CONCEALMENT (AGAINST ARYA AUTO)

Plaintiff repeats and realleges all preceding paragraphs.

Arya Auto intentionally concealed the fact that the retail installment contract differed from the agreed price and suppressed this information until it was discovered by Plaintiff.

COUNT XII: BREACH OF CONTRACT (AGAINST ARYA AUTO LLC AND CREDIT ACCEPTANCE VIA HOLDER RULE)

Plaintiff repeats and realleges all preceding paragraphs.

Arya Auto breached the oral agreement to sell the car for $6,499 by preparing and enforcing a contract with a nearly $11,000 financed amount.

Credit Acceptance is liable under the FTC Holder Rule as assignee of the contract.

COUNT XIII: BAIT AND SWITCH DECEPTIVE PRACTICE (AGAINST ARYA AUTO)

Plaintiff repeats and realleges all preceding paragraphs.

Arya Auto advertised a price of $6,499 to lure Plaintiff into the dealership and then presented materially different terms under pressure.

This constitutes a classic bait and switch and a violation of consumer protection laws.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award actual damages under 15 U.S.C. §§ 1681n and 1681o;

B. Award statutory damages of $1,000 per violation;

C. Award punitive damages for willful noncompliance;

D. Enjoin Defendants from reporting inaccurate or fraudulent information;

E. Award costs and reasonable attorney's fees; and

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Rickey Lee Robinson Jr.

4125 Meadowland Court

Chantilly, VA 20151

(202) 934-2157

rickey.robinson0@gmail.com

Date: 17 July 2025

Signature: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
__Alexandria__ DIVISION

__Rickey lee Robinson jr__
Plaintiff(s),

v.

__Credit Acceptance Corp And__
__Arya Auto LLC__
Defendant(s),

Civil Action Number: __1:25cv1195-MSN-WBP__

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of __Complaint__
(Title of Document)

__Rickey lee Robinson jr__
Name of Pro Se Party (Print or Type)

_[signature]_
Signature of Pro Se Party

Executed on: __17 July 25__ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _____ (Date)